1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN McDONALD, )
)
       Petitioner, )    CASE NO.    C05-942MJP
)
   v. )
)
DOUG WADDINGTON, )    REPORT AND RECOMMENDATION
)
      Respondent. )
_____ )

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

       Petitioner Jonathan McDonald is a former state prisoner who is currently incarcerated at the

Regional Justice Center in Kent, Washington, where he is awaiting trial on a charge of first degree

manslaughter.  Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in

which he asserts that he is being unlawfully detained.  Respondent has filed a response to the petition

in which he argues that petitioner's claim is now moot.  The Court, having reviewed the submissions

of the parties, concludes that petitioner's petition for writ of habeas corpus should be denied.

REPORT AND RECOMMENDATION
PAGE - 1

BACKGROUND

On June 30, 1998, petitioner pleaded guilty to a charge of second degree felony murder, with assault in the second degree as the predicate felony.  (*See* Dkt. No. 7, Ex. 2; Ex. 3, Attachment 1.) Petitioner was thereafter sentenced to a term of 170 months confinement.  (*Id.*, Ex. 2 at 3.)

In April 2003, petitioner filed in the trial court a motion to vacate his sentence and remand his case for further proceedings in accordance with the Washington Supreme Court's decision in *In re Andress*, 147 Wn.2d 602 (2002).  (*Id.*, Ex. 3.)  In May 2003, the King County Superior Court transferred petitioner's motion to the Washington Court of Appeals to be treated as a personal restraint petition.  (*Id.*, Ex. 5.)  In July 2003, the Court of Appeals stayed petitioner's personal restraint petition pending resolution of another case, *In re Personal Restraint of Hinton*, 152 Wn.2d 853 (2004).  (*Id.*, Ex. 6.)  *Hinton* was decided in November 2004 and, in December 2004, the Court of Appeals lifted the stay in petitioner's personal restraint proceedings and granted his petition.  (*Id.*, Exs. 7 and 8.)  In March 2005, the Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings.  (*Id.*, Ex. 9.)

On April 7, 2005, the King County Superior Court issued an Order directing that petitioner be transferred from the Department of Corrections to the King County Jail.  (*Id.*, Ex. 10.)  On April 20, 2005, the King County Superior Court issued an Order vacating petitioner's second degree murder conviction under *Andress* and *Hinton*.  (*Id.*, Ex. 11.)  On the same date, the King County Prosecutor's Office filed an amended information charging petitioner with first degree manslaughter, and the trial court set conditions of release and a date for a case scheduling hearing.  (*Id.*, Exs. 12-14.)  On June 28, 2005, the trial court entered an order continuing petitioner's trial date on the amended charges to September 26, 2005, based upon defense counsel's need for additional time to prepare a defense.  (Dkt. No. 7, Ex. 15.)  The order appears to indicate that petitioner objected to the

REPORT AND RECOMMENDATION
PAGE - 2

continuance.  (*Id.*)

Petitioner signed his federal habeas petition on April 12, 2005, and the petition was received by this Court on April 18, 2005.  It thus appears that petitioner was in the process of being transferred out of the custody of the Department of Corrections and into the custody of King County at the time his petition was filed.  Respondent argues in his response to petitioner's petition that the petition is moot because petitioner received the relief he seeks by way of his petition when he was released from the Department of Corrections.

<u>DISCUSSION</u>

Petitioner asserts in his federal habeas petition that he is being held in custody in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution because he has been imprisoned without a conviction since December 29, 2004.  Respondent argues in his answer to petitioner's petition that the petition is moot because petitioner has been transferred out of state prison and into the county jail to await another trial and, thus, the Court can no longer offer petitioner the relief he seeks.  Petitioner, in his response to respondent's answer, acknowledges that he has been released from the Department of Corrections, but argues that he is still being unlawfully confined.  Petitioner appears to contend that his current confinement is unlawful because King County is time-barred from charging petitioner with a new crime, because any retrial will constitute double jeopardy, and because his rights to a speedy trial have been violated.

<u>Mootness</u>

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank*

REPORT AND RECOMMENDATION
PAGE - 3

*Corp.*, 494 U.S. 472, 477 (1990).  A case becomes moot when it no longer meets the case or controversy requirement of Article III, § 2 of the United States Constitution.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

As to respondent Waddington, this habeas action is moot.  Petitioner filed his petition at the time he was in the custody of the Washington Department of Corrections and he specifically requested in his petition that he be released from that custody because he was being held in custody without a conviction.  While petitioner remains in custody, he is now in the custody of King County and the basis of his argument for release is that he is being denied a speedy trial with respect to his impending retrial, and his retrial violates double jeopardy principles.  The Court concurs with respondent that the claims originally presented for review in petitioner's § 2241 petition are moot.

Because petitioner contends that he is still in custody in violation of his constitutional rights, there remains a question as to whether petitioner should be allowed to proceed on what are essentially new claims.  A federal court has jurisdiction to adjudicate a pretrial petition for writ of habeas corpus under § 2241.  While § 2241 does not expressly require a petitioner to exhaust state court remedies before pursuing a writ of habeas corpus in federal court, principles of comity and federalism require that federal courts not entertain habeas challenges to ongoing state court criminal proceedings unless the petitioner can show that he has exhausted available state avenues for raising his federal claims, and that "special circumstances" warrant federal intervention.  *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Petitioner makes no showing that he has either exhausted available state court remedies with respect to this current constitutional claims or that "special circumstances" warrant this Court's intervention in his ongoing state court criminal proceedings.  Thus, this Court declines to consider the merits of the constitutional claims asserted by petitioner in his response to respondent's answer.

REPORT AND RECOMMENDATION
PAGE - 4

<u>CONCLUSION</u>

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition be denied, and that this action be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 30th day of August, 2005.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5